POSNER, Circuit Judge,
concurring.
I agree with Judge Sykes that under' the existing understanding of the Federal Wiretap Act Paula Epstein violated it if she searched her husband’s computer for evidence of adultery by him that she could use against him in divorce proceedings, without having obtained his consent to her accessing his computer. I write separately to raise a question that neither party addresses and is therefore not before us on this appeal — whether the Act should be thought applicable to such an invasion of privacy; for if not the husband’s suit should be dismissed.
. Obviously not all claims of privacy are or should be protected by law. Virtually every adult in a society such as ours values his or her privacy, but it doesn’t follow that privacy is always, or even primarily, a social good, which is to say a good that promotes social welfare. “Privacy” means concealment of facts about, a person. Often such concealment serves a social purpose — an example is concealing the fact that one is on the verge of inventing a new product or process that will be patentable and make the inventor wealthy; premature disclosure might enable competitors to exploit the invention to the detriment of the inventor, thus discouraging invention. But often the facts sought to be concealed in the name of privacy are facts that, being disreputable, would if disclosed publicly tarnish a person’s reputation and by doing so perhaps diminish his or her social and professional welfare and opportunities. The motive of concealment in such a case is understandable, but if the concealment is of genuine misconduct, I am unclear why it should be protected by the law. I don’t understand why law should promote dishonesty and *1153 deception by protecting an undeserved, a rightly tarnished, reputation.
Among the facts routinely attempted to be concealed for disreputable reasons is of course marital infidelity. -Mr. Epstein wanted to conceal his infidelity from his wife primarily it seems because the revelation of it would give her added leverage in a divorce proceeding. I don’t understand why federal, or for that matter state, law should protect an interest so lacking in any social benefit, especially when one considers that adultery remains a crime in 20 of the nation’s 50 states — including Illinois, see 720 ILCS 5/11-35, where the parties reside — though- it is a crime that is very rarely prosecuted. We might compare Mrs. Epstein to a bounty hunter — a private person who promotes a governmental interest. She has uncovered criminal conduct hurtful to herself, and deserves compensation, such as a more generous settlement in her divorce proceeding.
Her husband’s suit under the Federal Wiretap Act is more than a pure waste of judicial resources: it is a suit seeking' a reward for concealing criminal activity. Had the issue been raised in the litigation, I would vote to interpret the Act as being inapplicable to — and therefore failing to create a remedy for — wiretaps intended, and reasonably likely, to obtain evidence of crime, as in this case, in which the plaintiff invoked the Act in an effort to hide evidence of his adultery from his wife.